IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Patrick Roberts, )<br>)<br>     Petitioner, )<br>)<br>v. )<br>)<br>Brian Patton, )<br>Warden of FCI-Ashland, )<br>)<br>     Respondent. )<br>) | Civil Action No.8:07-2013-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The petitioner, a federal prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Docket Entry # 13.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

  The petitioner brought this habeas action on June 14, 2007.[1] On October 18, 2007, the respondent moved for summary judgment. By order filed October 19, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 26, 2007, the petitioner filed a response.

## PROCEDURAL FACTS

  The petitioner is currently a federal prisoner housed at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"). In May 1995, the petitioner was indicted on a state charge of distribution of crack cocaine. The petitioner was also indicted in 1996

---

[1] This date is the date that the envelope was postmarked. (Pet. Ex. 8.) *See Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

for possession with intent to distribute ("PWID") marijuana. The petitioner was represented at trial by Attorney Dirk Kitchel. On September 3, 1996, the petitioner pled guilty to both offenses before the Honorable Sidney T. Floyd. Judge Floyd sentenced the petitioner to five (5) years and imposed a $25,000 fine for the distribution charge, and a concurrent three (3) years sentence on the PWID charge. The petitioner did not file a direct appeal from his convictions or sentences.

On October 25, 2005, the petitioner filed a pro se application for post-conviction relief ("PCR") raising the following issues:

> 1. That I have recently learned that my attorney at the time, Dirk Kitchell, has been disbarred from the practice of law. That at the time of my conviction I believe Mr. Kitchell was not performing his duties effectively and caused an error to be committed on the entry of my sentence. He did not correct this error not did he advise me of the error. I did not find out about this error in my in sentence until recently and but for Mr. Kitchell's ineffectiveness, I would not have been convicted of the charge reflective on the entry of sentence.
>
> 2. That my guilt plea is void because it resulted from the tainted product of ignorance and or from incomprehension of the law. *Boykin v. Alabama* 23 L. Ed. 274 (1969).
>
> 3. My Guilty Plea was not entered knowingly and intelligently because I was not made aware that I had a possible defense to the charges against me and was not given effective assistance of counsel.
>
> 4. My Guilty Plea was not entered knowingly, voluntarily or intelligently and it is therefore in violation of Due Process of Law due to ineffective assistance of counsel and abuse of discretion by the trial court. There was no evidence in the record to establish that the plea was knowingly and voluntarily made.
>
> 5. I was deprived of my Sixth Amendment Right to Effective Representation of Counsel prior to and at the plea bargaining stage of the trial.
>
> 6. I was deprived of my Sixth Amendment Right of Effective Representation of Counsel prior to and at the plea bargaining stage of the trial.
>
> 7. At my plea and sentencing, The Court, Defense Counsel, nor the State prosecutor ever advised me in open court that, by me

> pleading guilty, it would result in a felony conviction, and as a result of that conviction any future arrests and convictions could be enhanced by this predicate offense.

On February 13, 2006, the Honorable Deadra Jefferson conditionally dismissed the application giving the petitioner twenty days to respond as to why his PCR application should not be dismissed based on the PCR statute of limitations and the doctrine of laches. On February 24, 2006, the petitioner filed a return to the respondent's motion to dismiss arguing that his application for PCR was timely because the petitioner had filed it as soon as he learned his defense counsel, Dirk Kitchel, had been "disbarred," and that his conviction was the result of Kitchel's misconduct. On April 6, 2006, Judge Jefferson issued a final order dismissing the petitioner's application for PCR.

On May 5, 2006, the petitioner filed a notice of appeal with the South Carolina Supreme Court. On June 14, 2006, the South Carolina Supreme Court dismissed the appeal for failure to show an arguable basis as required by Rule 227(c), SCACR. The remittitur was sent down on June 30 , 2006.

On June 14, 2007, the petitioner filed this federal habeas petition raising the following grounds:

> **Ground One:** The State's decision involves an unreasonable application of clearly established federal law.
>
> **Ground Two:** The State's decision is contrary to well-established federal law.
>
> **Ground Three:** Petitioner is entitled to an evidentiary hearing in federal court.
>
> **Ground Four:** Petitioner was denied effective assistance of counsel at critical stages of the trial and appellant proceedings; and abuse of discretion by the trial court; and not knowing, voluntary or intelligent plea.

(Pet. 5-7.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the

4

granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

### EXHAUSTION AND PROCEDURAL BAR

A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must

present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the

state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has

procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice).  In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *Matthews v. Evatt*, 105 F.3d 907 (4th Cir.

8

1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions or alternatively the claims are procedurally barred. The undersigned agrees.

**Statute of Limitations**

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a

notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final after ten days. Rule 203(b)(2), SCACR. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005).

The petitioner's direct appeal became final ten days after he pled guilty on September 13, 1996. Because the petitioner's conviction became final after the enactment of the AEDPA, he had one year to file his federal habeas corpus action unless the period was at any time tolled. *Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000). The petitioner did not filed for PCR until October 25, 2005, nine years after the statute of limitations had run. The PCR Court found the petitioner's PCR application was barred by the statute of limitations and laches and the South Carolina Supreme Court dismissed the petitioner's appeal finding not there was not any arguable basis to challenge the PCR Court's decision. As this PCR application was untimely under state law, it was not considered "properly filed" and did not toll the statute of limitations. *Pace*, 544 U.S. at 414.

S.C. Code Ann. § 17-27-45(c) states:

> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed

> under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

The petitioner contends that he is entitled to equitable tolling based upon his trial counsel's suspension.  However, the undersigned finds this argument unavailing.  To be entitled to equitable tolling, the petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time.  The court concluded that "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

The petitioner's trial counsel, Kitchel was definitely suspended for eighteen months by the South Carolina Supreme Court on October 25, 2006. *In the Matter of Kitchel*, 604 S.E.2d 381 (S.C. 2004). However, none of the matters for which trial counsel was disciplined involved the petitioner. (*Id*.)[2] Further, while the petitioner argues that trial counsel misadvised him and told him he was pleading guilty to simple possession of crack cocaine, the record in this case shows otherwise.  The petitioner signed the indictment which clearly was for the offense of distribution of crack cocaine.  Also, the petitioner

---

[2] In 2001, Kitchel was suspended for ninety days for other misconduct, again none of which involved the petitioner. *In re Kitchel*, 554 S.E.2d 868 (S.C. 2001). The undersigned notes, however, this earlier disciplinary action would have placed the petitioner on notice as much as the later one.

12

attached to this habeas petition a copy of an affidavit from a Charleston Police Department Officer and the Judge Floyd's sentencing sheet, both of which clearly state the offense is "distribution of crack cocaine." (Pet. Ex. 6.) Additionally, the undersigned notes that in the petitioner's §2255 habeas action he challenged, inter alia, being sentenced as an armed career criminal alleging he pled guilty in state court in 1996 to simple possession of crack cocaine and not distribution. *United States v. Roberts*, C.A. 2:04-295-PMD.  United States District Court Judge Patrick Michael Duffy in his order denying the petitioner relief from his federal convictions and sentences found that the evidence the petitioner "submitted to support his claim does not indicate, or even suggest, that he was convicted of possession as opposed to distribution." (Document #85 at 15.)  He further noted that the petitioner admitted at his guilty plea that he had prior state convictions of: "armed robbery conviction, distribution of crack, and starting a fire in a dwelling. (Guilty Plea Tr. 39:19-40:4.)" (*Id.*- Doc. #85 at 20-21.)  The petitioner has failed to allege circumstances which would support equitable tolling.

Additionally, the PCR Court found the petitioner's action was barred by laches. Laches is defined as neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done. *Whitehead v. State*, 574 S.E.2d 200 (S.C. 2002) (defense of laches may also apply when a record was destroyed pursuant to Rule 607(I), SCACR).[3]  Whether a claim is barred by

---

[3]SCACR Rule 607(I) states:

Except as provided below, a court reporter shall retain the primary and backup tapes of a proceeding for a period of at least five (5) years after the date of the proceeding, and the court reporter may reuse or destroy the tapes after the expiration of that period. If the proceeding was a hearing or trial which lasted for more than one day, the time shall be computed from the last day of the hearing or trial. In any proceeding which has been transcribed, the court reporter shall retain the primary and backup tapes which have been transcribed for a period of at least thirty (30) days after the original transcript is sent to the requesting party, to allow any party to challenge the accuracy of the transcription. If no challenge is received by the court reporter within the

laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party; delay alone in assertion of a right does not constitute laches." *Hallums v. Hallums*, 371 S.E.2d 525, 527 (S.C. 1988). The State clearly was prejudiced by this delay on this claim. The respondent states that a transcript of the petitioner's guilty plea is now unavailable for review. *Oliver v. United States*, 961 F.2d 1339, 1342 (7th Cir.1992) (holding petitioner's seventeen-year delay in bringing his § 2255 action prejudiced the government in its ability to respond to the merits of petitioner's allegations because of its destruction of records after ten years and the unavailability of any other means of producing transcripts of the guilty plea and sentencing).

In short, since the petitioner's PCR was time barred under South Carolina law, it was not properly filed and the federal statute of limitations continued to run. The petitioner filed the instant habeas nine years too late and this petition should be dismissed on that basis.

## CONCLUSION[4]

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (# 13) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 12, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

---

thirty (30) day period, the tapes may be reused or destroyed.

[4] In the event the District Court disagrees and does not adopt this report, the respondent requests the opportunity to amend his summary judgment motion to address the merits. (Resp't's Mem. Supp. Summ. J. Mot. at 10.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).